UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH WALL and ESTATE OF BROADUS WALL, | ) ) ) |
| Plaintiffs, | ) ) |
| | ) CV-03-CO-1909-S |
| v. | ) ) |
| SEARS, ROEBUCK and CO., | ) ) |
| Defendant. | ) |



**MEMORANDUM OF OPINION**

## I.    Introduction

Presently before the court is a motion for summary judgment, filed by the defendant on September 2, 2003, [Doc. # 15.]  The issues raised therein have been fully briefed by both parties, and are now ripe for decision.  Upon due consideration, the court is of the opinion that the motion should be denied.

II.    Facts[1]

A.    Introduction

The plaintiffs, Elizabeth Wall and Estate of Broadus Wall (hereinafter

"plaintiffs"), lived at 1913 Moncrief Road in Gardendale, Alabama, at the

time of the alleged injury.  (Compl. ¶ 9).  In the summer of 1997, after

noticing problems in the operation of their home air-conditioning unit,

plaintiffs called a Sears "800" telephone number in order to have their air

conditioning unit serviced.  On or around September 18, 1997, Steve Cooper

worked on the plaintiffs' air conditioning unit and installed an "air handler."

(Aff. of Steve Cooper, ¶ 4).  Cooper Comfort, Inc., an Alabama corporation

with its principal place of business in Jefferson County, Alabama, is an

independent contractor hired by various companies to perform work on

heating and air conditioning projects.  (Aff. of Steve Cooper, ¶ 2-3).

On May 26, 1998, fire caused significant damages to plaintiffs'

Gardendale, Alabama, home.  (Compl. ¶ 16).  Plaintiffs allege that faulty

installation of the air conditioning unit caused the fire.  (Compl. ¶¶ 16-18).

---

[1] The facts set out below are gleaned from the parties' submissions of facts claimed to
be undisputed, their respective responses to those submissions, and the court's own
examination of the evidentiary record. All reasonable doubts about the facts have been
resolved in favor of the nonmoving party. *See* Info. Sys. & Networks Corp. v. City of
Atlanta, 281 F.3d 1220, 1224 (11th. Cir. 2002). These are the "facts" for summary
judgment purposes only. They may not be the actual facts. *See* Cox v. Adm'r U.S. Steel
& Carnegie Pension Fund, 17 F.3d 1386, 1400 (11th Cir. 1994).

Plaintiffs brought claims against Sears, Roebuck and Company ("defendant") for negligence, breach of contract, and breach of warranty. (Compl.).

B.    Procedural History

Plaintiffs filed their complaint in the State Court of Cobb County, Georgia, on May 17, 2002.  The case was subsequently removed under 28 U.S.C. §§ 1332, 1441, and 1446 to the United States District Court for the Northern District of Georgia.  On July 18, 2003, the case was transferred pursuant to 18 U.S.C. § 1404(a) to the United States District Court for the Northern District of Alabama.

The defendant filed the instant motion for summary judgment on all claims on September 2, 2003.  [Doc. # 15].  Specifically, the defendant asserts that the plaintiffs' claims are barred by Alabama's two-year statute of limitations.  Plaintiffs argue that since the case was filed in Georgia, Georgia's limitations period should govern the claims.

III.   Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (*quoting* Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224

(11th Cir. 2002) (*quoting United States v. Four Parcels of Real Property*, 941

F.2d 1428, 1437 (11th Cir. 1991)).

IV.     Discussion

A.     The Plaintiffs' Claims

The plaintiffs present claims for negligence, breach of contract, and

breach of warranty.   The Alabama statute of limitations for negligence

claims is two years. Code of Ala. § 6-2-38(1).  Breach of contract and breach

of implied warranty claims are subject to limitation periods of six years.

Code of Ala. § 6-2-34(4).   However, a party's description of its claim is not

dispositive.  According to the Alabama Supreme Court, a claim sounding in

tort is to be treated as a tort for statute of limitations purposes.  *Reed v.*

*Stempien*, 475 So. 2d 841, 842 (Ala. 1985).  The *Reed* Court stated:

> When the contract does not in terms require
> reasonable care in doing the acts stipulated to be
> done, the law imposes a duty—but does not imply a
> contract—to exercise due care in doing the act; and,
> therefore, when negligenceexists in doing that act,
> an action in tort only is available because there is no
> express or implied contract which is breached.

*Id. (quoting Waters v. American Cas. Co. Of Reading, Pa.*, 261 Ala. 252, 258,

73 So. 2d 524, 524 (1954)).   The Alabama Supreme Court has consistently

held that claims not based on an express provision of a contract but arising

by implication from the contract lie in tort, and not contract.  *See Scott v. Evins,* 802 F. Supp. 411 (N.D. Ala. 1992).   "The breach of an implied agreement to provide due and reasonable care is a tort claim only and will not support an action sounding in contract. . . ."  *Reed,* 475 So. 2d at 842 (*quoting Eason v. Middleton,* 398 So. 2d 245 (Ala. 1981)(Justice Jones, concurring).

The claims for breach of contract and breach of implied warranty in this case are not based upon the express provisions of the contract in question; rather, they are based on an implied duty to exercise reasonable care.  The claims will therefore be treated as tort claims for the purpose of determining the applicable statute of limitations.

B.    The Governing Law

This case was filed in the State court of Cobb County, Georgia, and was removed to the United States District Court for the Northern District of Georgia under 28 U.S.C. §§ 1332, 1441, and 1446.  The case was transferred pursuant to 18 U.S.C. § 1404(a) to this court.  Because the case was filed in Georgia, the plaintiffs argue that their claims should be governed by Georgia law and subject to Georgia's statute of limitations period.

According to the Supreme Court, when a diversity action has been transferred pursuant to 28 U.S.C. § 1404(a), the law of the transferor court controls the action. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). A transfer for the sake of convenience, then, should effect a change in courtrooms and not in law. This court, therefore, will apply the law as would the United States District Court for the Northern District of Georgia.

A federal district court must apply the conflicts of law rules of the state in which it sits. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Georgia adheres to the doctrine of *lex loci delicti*, which prescribes that tort claims are to be governed by the substantive law of the state where the harm occurred. *Garland v. Advanced Med Fund, L.P. II*, 86 F. Supp. 2d 1195 (N.D. Ga. 2000). "Under Georgia law, 'the place of wrong, the locus delicti, is the place where the injury sustained was suffered rather than the place where the act was committed. . . .'" *Garland,* 86 F. Supp. 2d at 1204 (*quoting Risdon Enters v. Colemill Enters*, 172 Ga. App. 902, 903 (1984)). In the instant case, the plaintiffs resided in the State of Alabama, the installation of the unit complained of occurred in Alabama, and the fire occurred there as well. Because Alabama is the *locus delicti*, Georgia law would apply the substantive laws of the State of Alabama to govern the

plaintiffs' claims. According to Georgia's doctrine of *lex fori*, however, procedural or remedial questions are governed by the law of the forum, the state in which the action is brought. *Id.* at 1205 (*citing Lloyd*, 211 Ga. App. at 248, 438 S.E.2d 703).

The question, then, is whether statutes of limitations for tort claims are part of the substantive law of the State of Alabama. The Supreme Court of Alabama has distinguished two types of limitation periods:

> In one [a statute of creation], the limitation [period]is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself. In the other [a statute of limitation], the limitation is deemed to affect only the remedy and does not constitute part of the substantive right. By affecting the remedy it is meant that the statute establishes the time frame in which a party may seek to enforce his claim. The running of the latter type of statute of limitation does not extinguish a party's right, but merely precludes his judicial assertion of that right.

*Cofer v. Ensor*, 473 So. 2d 984, 987 (Ala. 1985)(*quoting State Department of Revenue v. Lindsey*, 343 So. 2d 535, 537 (Ala. Civ. App. 1977)). The Court further concluded, "'Where the statute of limitations [is procedural, and] goes only to the remedy, it seems to be the settled rule here that the lex fori, and not the lex loci, governs.'" *Etheredge v. Genie Industries, Inc.*, 632

So. 2d 1326 (Ala. 1994)(*quoting Mullins v. Alabama Great Southern Ry.*, 239 Ala. 608, 610, 195 So. 866 (1940)).

According to the Alabama Supreme Court, "Alabama decisions state that a statute of limitations, unless the act specifically declares otherwise, is construed as affecting the remedy only." *Etheredge*, 632 So. 2d 1324, 1326 (*quoting State, Department of Revenue v. Lindsey*, 343 So. 2d 535, 537 (Ala. Civ. App. 1977)(*in turn citing Webster v. Talley*, 251 Ala. 336, 37 So. 2d 190 (1948); *Odom v. Averett*, 248 Ala. 289, 27 So. 2d 479 (1946)).

In the instant case, the limitations period applicable to the plaintiffs' causes of action is not inextricably bound up in the statute creating the plaintiffs' causes of action and cannot be considered part of the substantive law of Alabama. The limitation period of two years is based on § 6-2-38 *Ala. Code* 1975, which generally lists the causes of actions for which a two-year limitations period applies. The applicable time period for plaintiffs' causes of actions was not legislatively created as a part of those causes of action; it is merely a regulatory measure imposed on separately created rights. The plaintiffs' causes of action are not extinguished after two years; it is only the judicial assertion of those rights that is precluded.

The limitation periods for the plaintiffs' causes of action are procedural in nature. Under the applicable doctrine of *lex fori*, this court must apply the procedural laws of Georgia, the forum state. Because the limitations periods of the State of Georgia govern the instant claims, the claims are not time-barred and summary judgment is due to be denied.

V.    Conclusion

In sum, the court is of the opinion that the motion for summary judgment is due to be denied in all respects. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this _____3rd_____ of December 2003.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE